IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JULISSA REYES, BEATRIZ (BETTY) REYES AND MARTHA VASQUEZ,** on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, | )<br>)<br>)<br>) |
| | ) **No.** 16 cv |
| Plaintiffs | )<br>) Honorable Judge |
| v. | )<br>) Magistrate Judge |
| **MC MAID WEST SUBURBAN, A/K/A MCMAID, INC., J.K. MAIDS, INC., MANHATTEN CLEANING CORP., KAYE W. LANGE, INDIVIDUALLY, JEFFREY LANGE, INDIVIDUALLY, AND THERESA TATUM, INDIVIDUALLY,** | )<br>) ***JURY DEMAND***<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants | ) |

## COMPLAINT

NOW COME Plaintiffs, **JULISSA REYES, BEATRIZ (BETTY) REYES, AND MARTHA VASQUEZ,** on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorneys, JOHN W. BILLHORN and PAUL LUKA, and for their Complaint against Defendants, **MCMAID WEST SUBURBAN, A/K/A MC MAID, INC., J.K. MAIDS, INC., MANHATTEN CLEANING CORP., KAYE W. LANGE, INDIVIDUALLY, JEFFREY LANGE, INDIVIDUALLY, AND THERESA TATUM, INDIVIDUALLY,** states as follows:

I.  **NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

II. **JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois

statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and are residents of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **MCMAID WEST SUBURBAN, A/K/A MC MAID, INC., J.K. MAIDS, INC., MANHATTEN CLEANING CORP.,** provide cleaning services to both residential homes and businesses in the Chicagoland area. As such, Defendants' services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times, these Defendants were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, are and were "employers."

4. Defendants, **KAYE W. LANGE, INDIVIDUALLY AND JEFFREY LANGE, INDIVIDUALLY,** are owners of McMaid, Inc., and varies named related businesses, and **THERESA TATUM, INDIVIDUALLY**, is a Manager for all Defendants, and at all times relevant hereto each was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore as defined under both the federal and state statutes relied upon, are and were "employers".

5. Plaintiffs, **JULISSA REYES, BEATRIZ (BETTY) REYES, AND MARTHA VASQUEZ,** are past employees who performed work for Defendants as laborers cleaning businesses and homes (hereinafter referred to as "the named Plaintiffs"). All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

6. The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

7. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## IV.   STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

## V.   FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

10. Plaintiffs at all times pertinent to the cause of action were employed by Defendants, said employment being integral and indispensable to Defendants' business.

11. Defendants employed Plaintiffs as laborers to perform cleaning services for Defendants' customers, and the job duties of Plaintiffs qualify Plaintiffs as employees under the provisions of the FLSA and the pendent state statues.

12. Plaintiffs and members of the Plaintiff class were paid an hourly rate of pay for their work hours.

13. Plaintiffs and members of the Plaintiff class were required to perform work off the clock almost daily each week at the beginning of the work day prior to their supervisor/manager documenting the start of their work time.

14. Plaintiffs and members of the Plaintiff class were required to perform work during their auto deducted meal break.

15. Plaintiffs and members of the Plaintiff class were often clocked out for the day based on the amount of time allowed to complete work, regardless if their work was finished, constituting additional unpaid work off the clock.

16. Plaintiffs and members of the Plaintiff class have or had work hours deducted from their weekly work time and recorded on an "Employee Payroll Adjustment" form for customers complaints or other forms of adjustments determined by the Defendant employers.

17. In some instances, the unpaid time as described above should have been compensated at time and one-half the workers' regular hourly rates because if the unpaid time was properly treated as compensable, the workers would have recorded work over 40 hours in particular workweeks. In other instances, the unpaid time should have been compensated at the workers' regular hourly rates pursuant to the requirements of the federal and state statues herein relied upon.

18. Lastly, Defendants based upon their time keeping policy as described above, denied Plaintiffs and members of the Plaintiff class time and one-half their regular rate of pay for hours worked over 40 per work week, pursuant to the requirements of the federal and state statutes herein relied upon.

## COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

1-18. Paragraphs 1 through 18 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 18 of this Count I.

19. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

20. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees for all work performed, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves, and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiffs reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-20. Paragraphs 1 through 20 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 20 of Count II.

5

21. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policy and practice were in violation of those statutes.

22. Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiffs reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-22. Paragraphs 1 through 22 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 22 of Count III.

23. In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

24. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiffs reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

### COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-24. Paragraphs 1 through 24 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 24 of this Count IV.

25. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

26. During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

27. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

  (b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

  (c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

  (d) directing Defendants to pay to Plaintiffs reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

  (e) for such additional relief the Court deems just and appropriate under the circumstances.

           Respectfully submitted,

           ***Electronically Filed 06/02/2016***

           /s/ John W. Billhorn
           _____
           John William Billhorn


           BILLHORN LAW FIRM
           53 West Jackson Blvd., Suite 840
           Chicago, IL 60604
           (312) 853-1450

           Attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.